UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBBIE MAY PENDERGRASS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV417-017 |
| | ) | |
| PULASKI STATE PRISON, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Robbie Pendergrass is a prisoner housed at the Pulaski State Prison in Pulaski County, Georgia, for crimes committed in Floyd County, Georgia. Doc. 1; *see* Georgia Department of Corrections Inmate Locator, http://www.dcor.state.ga.us/ GDC/OffenderQuery/. He has filed a petition for writ of habeas corpus, seeking review of his state court murder conviction and habeas proceedings. Doc. 1 at 1-8.

It is unclear why he chose to file his § 2254 petition in this judicial district, since he was convicted in the Northern District of Georgia and is incarcerated in the Middle District of Georgia. *See* 28 U.S.C. §§ 90(a)(3) (Floyd County is in the Rome Division of the Northern District), (b)(1) (Morgan County is in the Athens Division of the Middle District). The Southern District of Georgia has no jurisdiction over Pendergrass'

habeas challenge. This case is therefore **TRANSFERRED** to the Northern District of Georgia[1] for all further proceedings. *See* 28 U.S.C. § 1404(a) (permitting a district court to transfer any civil action to another district or division where it may have been brought for the convenience of parties and witnesses and in the interest of justice); *Rufus v. Kemp*, 2013 WL 2659983 at * 1 (S.D. Ga. June 12, 2013).

**SO ORDERED,** this __30th__ day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] A federal habeas petitioner is allowed to file his petition in either the district where he was convicted or in the district where he is confined. 28 U.S.C. § 2241(d); *Wright v. Indiana*, 263 F. App'x 794, 795 (11th Cir. 2008). Hence, both the Northern and Middle Districts concurrently have jurisdiction to hear his case. It is, however, longstanding judicial policy and practice to funnel such petitions into the district within which the state prisoner was convicted, since that will be the most convenient forum. *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *see Wright*, 263 F. App'x at 795. That practice also fosters an equitable distribution of habeas cases between the districts. The Northern District of Georgia is therefore the appropriate district to hear Pendergrass' case.